## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

VIRGINIA DALEY,                      )
                                     )
       Plaintiff,           )
                                     )
v.                                   )     Case No. CIV-15-462-JHP-KEW
                                     )
NANCY A. BERRYHILL, Acting           )
Commissioner of Social               )
Security Administration,             )
                                     )
       Defendant.           )

### REPORT AND RECOMMENDATION

Plaintiff Virginia Daley (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on November 29, 1964 and was 49 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a surveillance system monitor, cashier, clerk, customer service representative, psychiatric aide, and certified nurse's assistant. Claimant alleges an inability to work beginning March 28, 2010 due to limitations resulting from

nerve damage on the right side, PTSD, high blood pressure, and diabetes.

## Procedural History

On May 16, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 20, 2014, Administrative Law Judge Jennie L. McLean ("ALJ") conducted a hearing in Oklahoma City, Oklahoma. On June 30, 2014, the ALJ issued an unfavorable decision. On October 5, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform her past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly analyze the record; (2) failing to properly evaluate

Claimant's credibility; and (3) failing to analyze Claimant's pain properly.

**Evaluation of the Record**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes, hypertension, obesity, acoustic neuroma - post surgical removal, left knee, cerebrospinal fluid leak repair, and PTSD. (Tr. 11). The ALJ concluded that Claimant retained the RFC to perform sedentary work except that Claimant could lift/carry ten pounds occasionally and frequently, push/pull ten pounds, sit for six hours in an eight hour workday, and stand/walk for two hours in an eight hour workday. Claimant could not climb ladders, ropes, scaffolds, balance, or crouch. She could occasionally climb stairs and ramps, kneel, crawl, or stoop. She could perform simple and some complex tasks with routine supervision. Claimant was able to interact appropriately with supervisors and co-workers for superficial work purposes. She was able to adapt to work situations. (Tr. 19).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of credit card clerk, sorter, and appointment clerk, all of which the ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 24-25). As a result, the ALJ found Claimant was not disabled from

5

March 28, 2010 through the date of the decision. Id.

Claimant first contends the ALJ failed to include all of her severe impairments in the RFC. Specifically, Claimant asserts her unstable diabetes, left knee issues, and hearing problems were not considered in her functional limitations despite being designated by the ALJ as a severe impairment.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional

6

capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

It is also a known requirement that an ALJ must discuss why an impairment designated as "severe" at step two was not included in the functional analysis at step four and five. *See, e.g.*, Timmons v. Barnhart, 118 Fed. Appx. 349, 353 (10th Cir. 2004)(finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."). *See also* Givens v. Astrue, 2007 WL 3046302, slip op. at 4 (10th Cir. Oct. 18, 2007) (noting that without proper explanation the ALJ erred when he "concluded at step two of the analysis that Ms. Givens' depression constituted a severe impairment [and][t]hat impairment had disappeared from his analysis ... by the time he reached step five.") [unpublished opinion]. The ALJ failed to explain the fate of Claimant's diabetes and left knee conditions between the beginning of the sequential evaluation and the end. On remand, the ALJ shall address this inconsistency.

Claimant also contends the ALJ failed to consider the effects of her "conductive hearing loss" after having a tumor removed from her ear. (Tr. 689). It may be the case that the condition has improved to the point that it is no longer a severe impairment. (Tr. 729). On remand, the ALJ shall analyze the effect of this

7

condition upon her past relevant work at step four and the representative jobs at step five. The ALJ shall also expressly examine the combined effects of severe and non-severe impairments upon Claimant's functional ability to engage in basic work activity.

## Credibility Determination

Claimant also challenges the adequacy of the ALJ's credibility findings. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED**

for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE